**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| STATE OF NEVADA SUPERIOR COURT, *et al.*,<br><br>                Plaintiffs,<br><br>vs.<br><br>ARAH MUABA BEY,<br><br>                Defendant. | Case No. 2:18-cv-01807-JAD-VCF<br><br>**REPORT & RECOMMENDATION**<br><br>NOTICE OF REMOVAL [ECF NO. 1-1] |

      Defendant Arah Muaba Bey is attempting to remove a traffic case from North Las Vegas Justice Court. (ECF No. 1-1). Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). A traffic citation in North Las Vegas Justice Court is based on state law, so there is no federal question jurisdiction. *See* 28 U.S.C.§ 1331 (granting federal district court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States").

      Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." There is no basis to conclude the Plaintiffs seek more than $75,000 for a traffic ticket. Nor does there appear to be sufficient diversity of citizenship.

      To the extent Bey is asserting defenses or counterclaims for alleged violations of the U.S. Constitution in the state court action, that does not give this court subject matter jurisdiction for removal purposes. *See Marin Gen. Hosp. v. Modesto & Empire Traction Co*., 581 F.3d 941, 949 (9th Cir. 2009) (federal defense cannot support removal); *Takeda v. Nw. Nat. Life Ins. Co*., 765 F.2d 815, 822 & n.9 (9th

Cir. 1985) ("The federal question defendants raise in their counterclaims does not provide a basis for removal."). Therefore, the case should be remanded to the North Las Vegas Justice Court.

ACCORDINGLY,

IT IS RECOMMENDED that the case be REMANDED to North Las Vegas Justice Court for want of jurisdiction.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order and Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  (*See* LSR 2-2).

IT IS SO RECOMMENDED.

DATED this 16th day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE